| **Fill in this information to identify the case**: | | |
|---|---|---|
| United States Bankruptcy Court for the: | | |
| Southern District of Texas | | |
| (State) | | |
| Case number *(if known)*: _____ | Chapter | 11 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Arena Energy 2020 GP, LLC** | | |
|---|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | N/A | | |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**2103 Research Forest Drive**<br>Number         Street<br><br>**Suite 400**<br><br>**The Woodlands, Texas 77380**<br>City                State    Zip Code<br><br><br>**Montgomery County**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>Number         Street<br><br>_____<br>P.O. Box<br><br>_____<br>City                State    Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number         Street<br><br>_____<br><br>_____<br>City                State    Zip Code | |
| 5. | **Debtor's website** (URL) | http://www.arenaenergy.com | | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | | |

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 1

Debtor    Arena Energy 2020 GP, LLC _____    Case number *(if known)* _____
             Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 (Oil and Gas Extraction)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☒ A plan is being filed with this petition.

  ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.    District _____   When _____   Case number _____
                                      MM/DD/YYYY

               District _____   When _____   Case number _____
                                      MM/DD/YYYY

Debtor  **Arena Energy 2020 GP, LLC**  
     Name

Case number *(if known)* _____

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes.    Debtor    **See Rider 1**<br>           District    **Southern District of Texas**<br>           Case number, if known _____ | Relationship    **Affiliate**<br><br>When    **08/20/2020**<br>         MM / DD / YYYY |
| List all cases. If more than 1, attach a separate list. | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other

**Where is the property?** _____  
        Number    Street

_____  
City          State    Zip Code

**Is the property insured?**  
☐ No  
☐ Yes.    Insurance agency _____  
           Contact name _____  
           Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.  
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor   Arena Energy 2020 GP, LLC                           Case number (if known) _____
         Name

| 15. Estimated assets[1] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/20/2020
               MM/ DD / YYYY

✗ /s/ John Edward Menger                    John Edward Menger
  Signature of authorized representative of debtor    Printed name

  Title   Authorized Signatory

**18. Signature of attorney**

✗ /s/ Matthew D. Cavenaugh                  Date   08/20/2020
  Signature of attorney for debtor                 MM/DD/YYYY

  Matthew D. Cavenaugh
  Printed name

  Jackson Walker L.L.P.
  Firm name

  1401 McKinney Street, Suite 1900
  Number          Street

  Houston                                    Texas        77010
  City                                       State        ZIP Code

  (713) 752-4200                             mcavenaugh@jw.com
  Contact phone                              Email address

  24062656                                   Texas
  Bar number                                 State

---

[1] The Debtors' estimated assets and liabilities noted here are provided on a consolidated basis.

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 4

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of Texas |
| (State) |
| Case number *(if known)*: _____     Chapter   11 |

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Arena Energy, LP.

| |
|---|
| Arena Energy, LP |
| Arena Energy GP, LLC |
| Arena Exploration, LLC |
| Valiant Energy, L.L.C. |
| Arena Energy 2020 GP, LLC |
| Sagamore Hill Holdings, LP |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| ARENA ENERGY 2020 GP, LLC, | ) ) Case No. 20-_____(___) |
| Debtor. | ) ) ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| **Debtor** | **Equity Holders** | **Address of Equity Holder** | **Percentage of Equity Held** |
|---|---|---|---|
| Arena Energy 2020 GP, LLC | Arena Energy GP, LLC | 2103 Research Forest Drive Suite 400 The Woodlands, Texas 77380 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| ARENA ENERGY 2020 GP, LLC, | ) ) Case No. 20-_____(___) |
| Debtor. | ) ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Arena Energy GP, LLC | 100% |

Fill in this information to identify the case:

Debtor name __Arena Energy, LP__ et al.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | United States Small Business Administration<br>409 3rd Street SW<br>Suite 8200<br>Washington, DC 20416 | Attn: Tami Perriello<br>Title: CFO<br>Phone: (844) 478-0366<br>Email: tami.perriello@sba.gov | Governmental Loan | | | | $1,799,912 |
| 2 | Energy Transfer Operating LP<br>8020 Park Lane<br>Dallas, TX 75231 | Attn: Beth Hickey<br>Title: Sr. Vice President<br>Phone: (713) 989-7633<br>Email: Beth.Hickey@Energytransfer.Com | Trade Payable | Contingent | | | $1,414,000 |
| 3 | Kinetica Midstream Energy, LLC<br>1001 McKinney<br>Suite 900<br>Houston, TX 77002 | Attn: Troy Eckard<br>Title: Owner<br>Phone: (713) 228-3347<br>Email: teckard@eckardenterprises.com<br>Fax: (281) 200-0747 | Trade Payable | Contingent | | | $170,000 |
| 4 | Empigo Technologies<br>9963 Crosspoint Blvd.<br>Indianapolis, IN 46256 | Attn: David M. Girot<br>Title: President<br>Phone: (317) 644-2796<br>Email: david.girot@empigo.com<br>Fax: (317) 644-0021 | Trade Payable | Contingent | | | $42,570 |
| 5 | Canon U.S.A. Inc.<br>1 Canon Park<br>Melville, NY 11747 | Attn: Peter Kowalczuk<br>Title: President<br>Phone: (631) 330-5000<br>Email: pkowalczuk@csa.canon.com<br>Fax: (856) 813-5122 | Trade Payable | Contingent | | | $24,178 |
| 6 | High Point Gas Gathering LLC<br>1501 McKinney Street<br>Suite 800<br>Houston, TX 77002 | Attn: Judith Muma<br>Title:<br>Phone: (346) 241-3400<br>Email: muma@3cmidstream.com | Trade Payable | Contingent | | | $9,750 |
| 7 | Asset Risk Management, LLC<br>143 Ridgeway Drive<br>Lafayette, LA 70505-3682 | Attn: Renee Namvar<br>Title: Manager of Accounting<br>Phone: (512) 535-8822<br>Email: renee.namvar@armenergy.com | Trade Payable | Contingent | | | $8,468 |
| 8 | Energy Data Solutions, LLC<br>1101 Dealers Avenue<br>Suite 200<br>New Orleans, LA 70123 | Attn: Charles Miller III, RL, MBA<br>Title: Landman and Information Technology Manager<br>Phone: (504) 439-3164<br>Email: cmiller@ocsbbs.com<br>Fax: (504) 733-6040 | Trade Payable | | | | $6,900 |
| 9 | Wolfepak Software LLC<br>2901 S. First St.<br>Abilene, TX 79605 | Attn: Mac McCormick<br>Title: Regional Vice President Sales<br>Phone: (713) 256-1138<br>Email: mmccormick@wolfepak.com | Trade Payable | Contingent | | | $4,769 |
| 10 | Garden Banks Gas Pipeline LLC<br>5400 Westheimer Court<br>Houston, TX 77056-5310 | Attn: Lynn Copeland<br>Title:<br>Phone: (713) 353-6351<br>Email: lynn.copeland@enbridge.com<br>Fax: (713) 821-3313 | Trade Payable | Contingent | | | $4,550 |
| 11 | Oil Price Information Service<br>15 Inverness Way East<br>Englewood, CO 80112 | Attn: Gowkaran Roopnarine<br>Title:<br>Phone: (888) 301-2645<br>Email: gowkaran.roopnarine@ihsmarkit.com | Trade Payable | Contingent | | | $3,795 |
| 12 | Williams Field Services<br>1 Williams Center<br>Tulsa, OK 74172 | Attn: Bonita Hammontree<br>Title:<br>Phone: (918) 573-9907<br>Email: bonita.hammontree@williams.com | Trade Payable | Contingent | | | $3,250 |
| 13 | Shred-It USA<br>Stericycle, Inc., on behalf of itself and its subsidiary Shred-it- USA LLC<br>10801 Kempwood Drive<br>Houston, TX 77043 | Attn: Adam O'Malley<br>Title: District Account Manager Houston<br>Phone: (281) 889-5210<br>Email: Adam.OMalley@STERICYCLE.com | Trade Payable | Contingent | | | $2,676 |

Official Form 204   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims   Page 1

Debtor    Arena Energy, LP et al.,                          Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | Cisco Webex LLC 170 West Tasman Drive San Jose, CA 95134 | Attn: Maria Mancao Title: Phone: (866) 229-3239 Email: Mmancao@cisco.com | Trade Payable | Contingent | | | $2,628 |
| 15 | Cortex Business Solutions USA 1601 Elm St Suite 4600 Dallas, TX 75201 | Attn: Tony Kwan Title: Director of Account Management Phone: (587) 436-4594 Email: tony.kwan@enverus.com | Trade Payable | Contingent | | | $2,275 |
| 16 | Iron Mountain Inc. 1 Federal Street Boston, MA 02110 | Attn: Kimberly Anstett Title: CTO Phone: (800) 934-3453 Email: kimberly.anstett@ironmountain.com | Trade Payable | Contingent | | | $1,729 |
| 17 | Accudata Systems Inc. 10713 West Sam Houston Parkway Northsuite 600 Houston, TX 77064 | Attn: Patrick Vardeman Title: CEO Phone: (281) 897-5000 Email: pvardeman@accudatasystems.com Fax: (281) 897-5001 | Trade Payable | Contingent | | | $1,681 |
| 18 | CDW Direct 75 Tri-State International Lincolnshire, IL 60069 | Attn: Dave Callahan Title: Phone: (847) 465-6000 Email: davecal@cdw.com | Trade Payable | Contingent | | | $1,650 |
| 19 | Wavemedia Inc. 4747 Research Forest Dr. Suite 180-216 The Woodlands, TX 77381 | Attn: Daniel Franks Title: Phone: (713) 483-4992 Email: Daniel.Franks@ictxnet.com | Trade Payable | | | | $1,613 |
| 20 | First Class Rentals 10731 Si Terri Road Conroe, TX 77306 | Attn: Stephen Naleway Title: Phone: (936) 321-3400 Email: stephen@eventsplustx.com Fax: (936) 271-3421 | Trade Payable | | | | $1,406 |

Note: Contingent amounts are based on historical payment data as some invoices are yet to be received from Creditors. The Debtors business has gone through substantial operational changes over the last quarter and as a result the amounts may be overstated. Estimates are subject to change as accrued liabilities are invoiced.

**WRITTEN CONSENT OF THE TRANSACTION COMMITTEE
OF THE BOARD OF DIRECTORS OF
ARENA ENERGY GP, LLC,**

**August 19, 2020**

The undersigned, being the Transaction Committee (the "Transaction Committee") of the board of directors (the "Board" and each member of the Board, a "Director") of Arena Energy GP, LLC, a Delaware limited liability company (the "Company"), in lieu of holding a special meeting, hereby take the following actions and adopt the following resolutions by written consent, which resolutions shall be deemed to be adopted as of the date first written above and shall have the same force and effect as if such resolutions were adopted by unanimous vote of the Transaction Committee at a duly convened meeting held for such purpose, in accordance with Delaware law and the governance documents of the Company:

**CHAPTER 11 FILING**

WHEREAS, the Transaction Committee has considered the current capital structure, assets, liabilities, contractual obligations, certain rights of creditors, operations, liquidity, and general financial condition of each of the Company, Arena Energy 2020 GP, LLC, a Delaware limited liability company ("AE 2020 GP"), Arena Energy, LLC, a Delaware limited partnership ("Arena Energy"), Arena Exploration, LLC, a Delaware limited liability company ("AEX"), and the sole member of Valiant Energy, L.L.C., a Delaware limited liability company ("Valiant"), and Sagamore Hill Holdings, LP, a Delaware limited partnership ("Sagamore Hill", and together with the Company, AE 2020 GP, Arena Energy, AEX, Valiant, each, an "Arena Entity", and collectively, the "Arena Entities"), as well as the long-term strategic alternatives available to each of the Arena Entities, and the effect of the foregoing on the business and prospects of each of the Arena's Entities;

WHEREAS, the Transaction Committee, duly formed by the Board and consisting only of disinterested, non-employee Directors, was previously authorized by the Board to independently and exclusively manage, supervise, make decisions and take actions with respect to a potential restructuring, certain conflict matters and a sale process for all or a portion of the equity or assets of the Arena Entities; and

WHEREAS, the Transaction Committee has had the opportunity to consult with the management and the financial and legal advisors of the Arena Entities and fully consider each of the strategic alternatives available to the Arena Entities.

NOW, THEREFORE, BE IT, RESOLVED, that it is desirable and in the best interests of the Arena Entities (including a consideration of its creditors and other parties in interest) that the Arena Entities shall be, and hereby is, authorized to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, Anthony R. Horton, Dean E. Swick, Michael J. Minarovic, Michael Vallejo, Jonathan E. Menger, and Christopher Capsimalis, and, subject to the subsequent approval of the Transaction Committee, any other officer of the Arena Entities or other natural person selected from time to time by the Transaction Committee (each, an "Authorized Signatory" and collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and each of them hereby are, authorized, empowered, and directed to execute and file on behalf of each Arena Entity all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem

necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the business of the Arena Entities.

**RESTRUCTURING SUPPORT AGREEMENT**

WHEREAS, the Arena Entities have engaged in good-faith negotiations with more than the requisite number of holders under the RBL Facility (as defined below) (each, a "Consenting Stakeholder" and collectively, the "Consenting Stakeholders"), regarding the terms of a comprehensive restructuring (the "Restructuring") as set forth in the Restructuring Support and Plan Sponsor Agreement, dated August 19, 2020 (as may be amended in accordance with its terms, the "Restructuring Support Agreement").

RESOLVED, that the form, terms and provisions of the Restructuring Support Agreement are hereby adopted, authorized, approved, and confirmed; and

RESOLVED, that the Authorized Signatories be, and each of them hereby are, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, instruments or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the Restructuring in connection with the Chapter 11 Cases and that each Arena Entity's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, adopted, authorized, approved, confirmed and ratified.

**SALE TRANSACTION**

RESOLVED, the Transaction Committee hereby authorizes and directs each of Arena Energy, AEX, Valiant and Sagamore Hill (referred to collectively herein as the "Seller Entities" or individually as a "Seller Entity") entering into a purchase and sale agreement (the "APA") with San Juan Offshore, LLC ( "San Juan"), substantially in the form attached to the Restructuring Support Agreement and incorporated herein in its entirety by this reference, pursuant to which San Juan will agree to purchase substantially all of the assets of the Seller Entities and assume certain obligations and liabilities of the Seller Entities, subject to the Arena Entities' fiduciary out provision of the Restructuring Support Agreement in the event of a higher or otherwise better offer, and undertaking any and all related transactions contemplated thereby (a sale transaction to San Juan or another third party, the "Sale Transaction");

RESOLVED, that the form terms and provisions of the APA are hereby authorized, approved, adopted and confirmed; and

RESOLVED, that each of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby are, authorized, directed and empowered to negotiate, execute and deliver, for and on behalf of the Arena Entities, such agreements (including, for the avoidance of doubt, the APA), documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the Sale Transaction.

**RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Signatories be, and each of them hereby are, authorized and directed to employ the law firms of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as general bankruptcy and corporate counsel and Jackson Walker LLP ("Jackson Walker") as general bankruptcy counsel, to represent and assist each Arena Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Arena Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized

and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland and Jackson Walker;

RESOLVED, that each of the Authorized Signatories be, and each of them hereby are, authorized and directed to employ the firm Evercore Group, L.L.C. ("Evercore") as financial advisor to, among other things, assist each Arena Entity in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation of each Consenting Stakeholder, creditors, or other third parties, as requested by any Arena Entity, evaluating each Arena Entity's capital structures, responding to issues related to each Arena Entity's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of each Arena Entity's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Evercore;

RESOLVED, that each of the Authorized Signatories be, and each of them hereby are, authorized and directed to employ the firm Alvarez & Marsal North America, LLC ("A&M"), as restructuring advisor to each Arena Entity to represent and assist each Arena Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Arena Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of A&M;

RESOLVED, that each of the Authorized Signatories be, and each of them hereby are, authorized and directed to employ the firm Kurtzman Carson Consultants LLC ("KCC"), as claims agent to each Arena Entity; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of KCC;

RESOLVED, that each of the Authorized Signatories be, and each of them hereby are, authorized and directed to employ any other professionals to assist each Arena Entity in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Signatories be, and each of them hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Arena Entities' Chapter 11 Cases, with a view to the successful prosecution of the cases.

**CASH COLLATERAL**

WHEREAS that each Arena Entity will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code ("Cash Collateral"), which is security pursuant to that certain Credit Agreement, dated as of December 30, 2009, by and among Arena Energy, LP, as borrower, each of the banks from time to time party thereto (the "RBL Lenders"), and Wells Fargo Bank, National Association, as agent (as amended, supplemented, or modified from time to

time in accordance with the terms therein, the "Credit Agreement"), which provides for the Arena Entities' reserve-based lending facility (the "RBL Facility");

WHEREAS, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Arena Entities will provide certain adequate protection to the RBL Lenders (the "Adequate Protection Obligations"), as documented in a proposed order to use and obtain the benefits of the Cash Collateral, in the form of which is attached to the Restructuring Support Agreement (the "Cash Collateral Order"), and shall be submitted for approval to the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of the Cash Collateral Order to which the Arena Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of the Arena Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the Arena Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Arena Entities will be parties, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Transaction Committee, with such changes, additions, and modifications thereto as the officers of any Arena Entity executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and

RESOLVED, that the Arena Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents, including granting liens on its assets to secure such obligations.

**GENERAL**

RESOLVED, that each Arena Entity that serves as the as the sole member or general partner (each, a "Controlling Company") of any other Arena Entity, each Authorized Signatory, as applicable, is authorized, empowered, and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlling Company;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and each of them hereby are, authorized and empowered, in the name of and on behalf of each Arena Entity, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, to engage professionals and advisors and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that Transaction Committee confirms that it has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational and governance documents of each Arena Entity, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Arena Entity, which acts would have been

approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of the Transaction Committee with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Transaction Committee;

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Arena Entities with respect to the subject matter of and transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein; and

RESOLVED, that this written consent may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Delivery of an executed counterpart by electronic transmission (including, without limitation, ".pdf") shall have the same effect as delivery of a manually executed counterpart thereof.

\* \* \* \* \*

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

**TRANSACTION COMMITTEE:**

*/s/ D. E. Swick*
Dean E. Swick

_____
Anthony R. Horton

*Signature Page to Written Consent of the Transaction Committee*

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first written above.

**TRANSACTION COMMITTEE:**

_____
Dean E. Swick

*/s/ A.R. Horton*
_____
Anthony R. Horton

*Signature Page to Written Consent of the Transaction Committee*

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Arena Energy 2020 GP, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration       **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**08/20/2020**
MM/ DD/YYYY

☒ */s/ John Edward Menger*
Signature of individual signing on behalf of debtor
**John Edward Menger**
Printed name
**Authorized Signatory**
Position or relationship to debtor

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors